UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALI MOORE,

                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; NEW YORK CITY POLICE OFFICERS DOES; DOES IN COLLECTIVE CAPACITY,

                Defendants.

24-CV-4587 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that unidentified police officers with the New York City Police Department ("NYPD") violated his constitutional rights. By order dated June 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint but provides Plaintiff 30 days to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

The following facts are drawn from the complaint, which sets forth allegations regarding a June 13, 2021 party in Manhattan that Plaintiff attended.

> I was invited to a birthday party on June 13, 2021, by an acquaintance I occasionally encounter on 125th Street. Despite feeling somewhat uneasy about the invitation, I decided to go along with it, as is typical for my Gemini nature. I endeavored to avoid any conflict or misunderstandings.

(ECF 1, at 9.) Plaintiff contends that, because of his vegan diet, he did not feel comfortable at the party.

> At the time, I was adhering to a vegan diet, which unfortunately left me with nutritional deficiencies. This caused me difficulty in articulating my thoughts,

> exacerbated by my general discomfort with public settings. Moreover, there were many intellectuals present, further heightening my sense of unease.

(*Id.*) Once at the party, Plaintiff claims, he interacted with undercover NYPD agents.

> Two individuals at the party appeared to be undercover agents. Their attire was noticeably out of place, as it did not align with the typical style of those familiar with the area. It appeared as though I was being intimidated and coerced into participating in an activity with which I was not comfortable. It also seemed like I was being pressured to demonstrate that I was not an undercover agent. This entire scenario took place in a public, outdoor setting where no illegal activities were occurring. Nevertheless, it felt reminiscent of violations under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. My disdain for white-collar crime was evident, and I inadvertently stumbled over a few words. It became apparent that my perspective on protesting against corruption in America differed significantly from others in the group. Consequently, I would occasionally misspeak due to my inadequate diet. Additionally, there was considerable pressure from others, who seemed intent on curtailing discussions related to socioeconomic issues.
>
> . . . .
>
> Subsequently, a friend informed me that a police officer was present at the event and cautioned me that something untoward was imminent. Historically, the presence of this particular officer has been a harbinger of adverse occurrences. I believe that I was being targeted by the NYPD through undercover operatives. One individual later remarked that one of the men I was conversing with appeared to be an undercover officer. It seems plausible that undercover law enforcement officers were present and were attempting to coerce me into actions with which I was not comfortable.

(*Id.* at 9-10.)

Plaintiff asserts that his First Amendment rights "appeared to be infringed upon, suggesting an underlying issue. I would characterize the experience as harassment by the NYPD, albeit by officers not in uniform. It is also plausible that they employed third parties to target me." (*Id.* at 10.) Plaintiff also asserts that his rights under "the Fourth and Fourteenth Amendments, particularly in relation to the treatment of Black Freemen," were violated." (*Id.* at 10-11.) Finally, he asserts that "[t]his misconduct is directly linked to events that transpired in May of 2021 and seems to have been carried out as a form of punitive corrective action." (*Id.* at 11.)

3

## DISCUSSION

A.  **New York City Police Department**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses the claims against the NYPDfor failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's pro se status and the legal requirement that the claim concerning the NYPD be brought against the City, the Court will, however, treat the claim against the NYPD as one brought against the City of New York.

B.  **City of New York**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

4

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not state a claim upon which relief may be granted against the City of New York because the facts alleged do not suggest that a City policy, custom, or practice caused the alleged violation of Plaintiff's rights under the First, Fourth, or Fourteenth Amendments. The Court therefore dismisses the claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     John Doe Police Officers**

Plaintiff brings claims against unidentified NYPD officers. The Court construes the complaint as asserting claims against the two individuals described in the complaint whom Plaintiff identifies as undercover agents. The Court dismisses these claims because the facts alleged in the complaint do not suggest that these individuals, even assuming they were employed with the NYPD, violated Plaintiff's constitutional rights. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**SUPPLEMENTAL JURISDICTION**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff asserts claims against NYPD officers regarding his interaction with two officers. While the allegations do not state a constitutional claim, Plaintiff may be able to allege additional facts to state valid claims. Thus, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 25, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge